# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| MICHAEL ARNEY, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. CIV-10-878-F |
| H.A. LEDEZMA, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se and currently confined, has filed a petition pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Motion to Dismiss, asserting that Petitioner has failed to exhaust his administrative remedies and that his claims are now moot (Mot. Dismiss, ECF No. 17.). For the reasons stated below, the undersigned finds that the Petition is moot because Petitioner has already been afforded the relief which he seeks. Therefore, it is recommended that the petition be dismissed.

## I. BACKGROUND

Petitioner is a federal inmate currently incarcerated at the Federal Correctional Institution (FCI) in El Reno, Oklahoma. Petitioner states that he is serving a 180-month term of imprisonment after entering a guilty plea on September 27, 1999, in the United States District Court for the Northern District of Dallas to providing premises for the distribution

of a controlled substance in violation of 21 U.S.C. § 856. (Pet. 1, ECF No. 1.) Although Petitioner does not provide his projected release date, he states in his petition that he "is currently serving the final 13 months of his sentence at FCI El Reno, Oklahoma." (Pet.1.)

On April 5, 2010, Petitioner submitted an informal request to officials of the Bureau of Prisons ("BOP") asking to be considered for a twelve month placement in a residential re-entry center ("RRC") or community correction center ("CCC"). (Pet. Ex. 1, ECF No. 1.) In response, Petitioner was advised that such recommendations are "based on numerous issues, including level of programming and institution history." (Pet. Ex. 1.) Unsatisfied with the response, Petitioner continued the grievance process. (Pet. Exs. 2, 3, and 4.) Following the response of the Regional Director advising that the prison staff had reviewed Petitioner's case and determined that a placement of 120-150 days was appropriate, he filed a national appeal, the final step in the grievance process. (Pet. Ex. 6.)

On August 12, 2010, before receiving the decision in his national appeal, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241.[1] In this action, Petitioner alleges that the BOP has failed to act in accordance with the Second Chance Act of 2007 ("the Act"),

---

[1]After reviewing the petition in accordance with Rule 4, Rules Governing Section 2254 Cases, the undersigned recommended the dismissal of the petition for failure to exhaust administrative remedies. (Report and Recommendation, ECF No. 6.) Petitioner objected to the Report and Recommendation, arguing that he had complied with all administrative remedies. (Pet'r's Obj. 3, ECF No. 9.) Noting Petitioner's submission of new evidence regarding the issue of exhaustion of administrative remedies, Judge Friot recommitted the matter to the undersigned "to revisit the issue of exhaustion of administrative remedies in light of the new evidence . . . ." (Order 4, Nov. 10, 2010, ECF No. 10.) The undersigned then ordered Warden Ledezma to file a response or motion which addressed *inter alia* the issue of exhaustion of remedies. (Order, Dec. 13, 2010, ECF No. 16.)

Pub. L. No. 110-199. *See* 18 U.S.C. § 3624(c)(1) (2010) (increasing the maximum time available for pre-release RRC placement from six months to twelve months). Petitioner specifically alleges that the BOP has failed to assess him under the five factors of § 3621. (Pet. 2.) Respondent has filed a Motion to Dismiss asserting that Petitioner's claims are moot and the court is therefore without subject matter jurisdiction.[2] (Mot. Dismiss, ECF No. 17.)

## II. MOOTNESS

Petitioner argues that "[i]n sum, [Petitioner's] unit team never considered him for a 12 month placement in a CCC pursuant to the five factors enumerated in § 3621(b)." (Pet. 17, ECF No. 1.)[3] Attached to his Motion to Dismiss, Respondent has submitted a sworn Declaration of James D. Crook, "Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons (Bureau) Consolidated Legal Center in Oklahoma City[,]" stating that "[a]fter reviewing the five factors and all other the [sic] relevant information,

---

[2] Respondent also moved to dismiss based on Petitioner's failure to exhaust his administrative remedies. Because the undersigned agrees that the Petitioner's claims are moot, the Court is without jurisdiction to address Respondent's other arguments.

[3] In his petition, Petitioner stated that "[t]he Act requires that pre-release RCC placement decisions be made on an individual basis in every inmate's case, according to new criteria in U.S.C. §3624 (c)(6)(amended)." (Pet. 5.) Therefore, he argues that the BOP's "categorical timeframe limitations on pre-release community confinement . . . are no longer applicable, and must not be followed." (Pet. 5-6.) (emphasis omitted). Petitioner alleges that he was subject to such categorical limitations. (*See* Pet. Ex. 3.) (Warden's reply to Petitioner stated that "[o]rdinarily [RRC placement] review occurs 17-19 months prior to release, however, at your last program review meeting, you were 21 months to release. At your next regularly scheduled program review . . . you will be carefully considered . . . pursuant to the Act . . . ."). Petitioner states that such categorical denial cannot occur and he must be considered pursuant to the act. However, even assuming Petitioner's allegations are true, and he was categorically denied placement in a RRC, he has subsequently been assessed under the factors of § 3621, and therefore, his claim is moot. *See infra* p. 4.

3

staff recommended Petitioner receive 120 to 150 days of RCC placement." (Mot. Dismiss Ex. 1, at 1-2.)[4] In support of this statement, Mr. Crook has attached a document titled, "RRC Referral and Release Plan," which reflects the basis for the recommendation of 120 to 150 day RRC placement. (Mot. Dismiss Attach. 1.) "Has established stable residence. Expelled from RDAP for use & poss of drugs. Was specifically sent here for RDAP and was expelled. Has refused to meet VT program goals in 6/2009." (Mot. Dismiss Attach. 1.) In addition, Respondent has provided a letter dated August 12, 2010, from the Warden in response to Petitioner's inquiry with regard to a recommendation by the sentencing judge that he be allowed to serve the last 12 months of his sentence in a residential re-entry, if eligible:

> Judge Kinkeade's recommendation was considered. RRC resources are limited and must be focused on those inmates most likely to benefit from them in terms of anticipated recidivism reduction. While you are eligible for up to 12 months pre-release RRC, you are not appropriate. Your unit team has carefully reviewed all factors when making a decision as to how much, if any, RRC you are appropriate for.
>
> Most notably, your unit team considered that you were expelled from the Residential Drug Abuse Program after you possessed and used marijuana.

---

[4]The five factors are
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence –
        (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

4

> Your behavior is a clear indicator that you are not appropriate for an RRC placement of 12 months. As a result, your unit team has determined a placement of 90-120 days is appropriate for your release needs.

(Mot. Dismiss Ex. 1, at 7.) Respondent argues that "[b]ecause [Petitioner] has already been afforded the individualized determination he now seeks[,]" his claims are moot. (Mot. Dismiss 6, ECF No. 17.) The undersigned agrees.

Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2. This Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy." *Hall v. Beals*, 396 U.S. 45, 48 (1969). "[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Garcia v. Bd. of Educ. of Albuquerque Pub. Schs.*, 520 F.3d 1116, 1123 (10th Cir. 2008) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Garcia*, 520 F.3d at 1123 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Respondent has demonstrated that Petitioner has been individually assessed for prerelease placement pursuant to the factors enumerated in § 3621(b). Petitioner offers only his own conclusory opinion that the provisions of the Second Chance Act were not adequately addressed in the unit team's placement decision. To the extent Petitioner asserts in response that "[t]he unit team never informed [Petitioner] that he had been assessed under the five factors, nor did they produce a document to verify such an assessment[,]" such

5

assertion does not alter the fact that Petitioner has now been informed of the team's assessment. (Pet'r's Resp. 4, ECF No. 18.) Moreover, although the documentation provided by Respondent apparently does not satisfy Petitioner nor does he agree with the result of the assessment, he does not dispute the accuracy of the factors - including his expulsion from a drug treatment program for use and possession of drugs - upon which the placement decision was made. Based on the record before the Court, the undersigned finds that Petitioner has been properly considered for prerelease, and thus he has received the relief he has requested. The petition should therefore be dismissed as moot.

## **RECOMMENDATION**

For these reasons, it is recommended that the petition for a writ of habeas corpus be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 11th day of July, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 21st day of June, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE